FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUN -2 2009

Stephan Harris, Clerk
Cheyenne

Bruce A. Salzburg
Attorney General

Jay Jerde
Deputy Attorney General
123 State Capitol
Cheyenne, WY  82002
(307) 777-6946
(307) 777-3542  fax
jjerde@state.wy.us

Attorneys for Petitioner State of Wyoming

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STATE OF WYOMING, | ) |
| Petitioner, | ) **09CV 118-J** |
| v. | ) Case No. _____ |
| UNITED STATES DEPARTMENT OF THE INTERIOR; UNITED STATES FISH AND WILDLIFE SERVICE; KEN SALAZAR, in his official capacity as Secretary of the United States Department of the Interior; ROWAN GOULD, in his official capacity as Acting Director of the United States Fish and Wildlife Service; and STEPHEN GUERTIN, in his official capacity as the Regional Director for the Mountain-Prairie Region of the United States Fish and Wildlife Service, | ) **PETITION FOR REVIEW OF FINAL AGENCY ACTION** |
| Respondents. | ) |

Petitioner, the State of Wyoming, through undersigned counsel, hereby petitions this Court to review the final agency action taken by the United States Department of the Interior, the United States Fish and Wildlife Service, Secretary of the Interior Ken Salazar, Acting United States Fish and Wildlife Service Director Rowan Gould, and Regional Director for the Mountain-Prairie Region of the United States Fish and Wildlife Service Stephen Guertin (collectively, "the Federal Respondents") when they promulgated and adopted a final rule to establish a northern Rocky Mountain distinct population segment ("NRM DPS") for the gray wolf (*canis lupus*) and to delist the NRM DPS. *See* 74 Fed. Reg. 15123-15188 (April 2, 2009).

In accordance with U.S.D.C.L.R. 83.7.2(a), the State of Wyoming alleges as follows:

1. The Petitioner in this case is the State of Wyoming.

2. The Respondents in this case are the United States Department of the Interior; the United States Fish and Wildlife Service; Ken Salazar, in his official capacity as Secretary of the United States Department of the Interior; Rowan Gould, in his official capacity as Acting Director of the United States Fish and Wildlife Service; and Stephen Guertin, in his official capacity as Regional Director for the Mountain-Prairie Region of the United States Fish and Wildlife Service.

3. The final agency action to be reviewed in this case is the final rule to establish an NRM DPS for the gray wolf and to delist the NRM DPS. Notice of this final rule was published in the Federal Register on April 2, 2009. *See* 74 Fed. Reg. 15123-15188 (April 2, 2009).

4. This Court has jurisdiction to review the final agency action at issue in this case pursuant to 28 U.S.C. § 1331, 5 U.S.C. §§ 701-706, FED. R. APP. P. 15, and U.S.D.C.L.R. 83.7.2. Sovereign immunity to the claims in this Petition is waived by 5 U.S.C. § 702 and 16 U.S.C. § 1540(g)(1). This Petition is filed within six years of the final agency action at issue in this case as required by 28 U.S.C. § 2401(a).

5. In compliance with 16 U.S.C. § 1540(g)(2)(C), the State of Wyoming submitted a written notice of intent to file suit to the Federal Respondents on April 2, 2009.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e). Each of the above-named Respondents is either an agency of the United States or an officer or employee of the United States acting in his official capacity, therefore each Respondent resides in this judicial district for purposes of suit. Venue also is proper because a substantial part of the events giving rise to the claims occurred in this judicial district and because the State "resides" in this judicial district for purposes of suit.

7. In promulgating and adopting the final rule at issue in this case, the Federal Respondents violated the Administrative Procedure Act (5 U.S.C. §§ 701-706) and the Endangered Species Act (16 U.S.C. §§ 1531-1544). Specifically:

a. In rejecting the State of Wyoming's wolf management scheme, the Federal Respondents did not comply with the non-discretionary "best science" mandate in 16 U.S.C. § 1533;

b. The Federal Respondents arbitrarily rejected State of Wyoming's wolf management scheme based (in part) on an incorrect interpretation of the State's wolf management statutes;

c. The Federal Respondents improperly rejected the State of Wyoming's wolf management rules in evaluating the adequacy of the State's wolf management scheme;

d. The Federal Respondents arbitrarily changed position by requiring the State of Wyoming to classify gray wolves as trophy game animals throughout Wyoming;

e. The Federal Respondents applied an incorrect standard of review in evaluating the adequacy of the State of Wyoming's wolf management scheme; and

f. The Federal Respondents have arbitrarily redefined the recovery criteria for the State of Wyoming by requiring the State to manage for more than 15 breeding pairs of wolves.

8. The State respectfully requests that this Court:

    a.    Declare that the Federal Respondents violated the APA and the ESA in promulgating the final rule by rejecting the State's wolf management scheme as inadequate and by failing to delist the gray wolf throughout the entire Wyoming portion of the NRM DPS;

    b.    Set aside and vacate the final rule only to the extent that the final rule maintains the gray wolf population in any part of the Wyoming portion of the NRM DPS on the list of threatened and endangered species;

    c.    Issue a mandatory injunction ordering the Federal Respondents to amend the final rule to delist the gray wolf in the entire Wyoming portion of the NRM DPS and to complete this rulemaking process no later than three months after the date of this Court's written order deciding the merits of this case;

    d.    Award the State its reasonable fees, costs, and expenses (including attorneys fees) incurred as a result of this litigation; and

    e.    Grant the State such further and additional relief as this Court may deem just and proper.

    9.    If this Court determines that the Federal Respondents did not violate the APA and the ESA in promulgating and adopting the final rule, the State of Wyoming respectfully requests that this Court issue a mandatory injunction to require the Federal

Respondents to manage the gray wolf population in Wyoming so that there are no more than 15 breeding pair of wolves in Wyoming each calendar year.

Submitted this 2nd day of June, 2009.

Attorneys for Petitioner State of Wyoming

*[signature]*
Bruce A. Salzburg
Attorney General

*[signature]*
Jay Jerde
Deputy Attorney General
123 State Capitol
Cheyenne, WY 82002
(307) 777-6946
(307) 777-3542  fax